McGREGOR W. SCOTT
United States Attorney
BRIAN A. FOGERTY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-85-KJM |
| Plaintiff, | STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING SENTENCING HEARING; FINDINGS AND ORDER |
| v. | |
| LORETTA STEWART-CABRERA, | DATE: September 28, 2020 |
| Defendant. | TIME: 9:00 a.m. |
| | COURT: Hon. Kimberly J. Mueller |

## **BACKGROUND**

On April 26, 2018, a grand jury returned an indictment charging defendant Loretta Stewart-Cabrera with two counts of Mail Fraud, in violation of 18 U.S.C. § 1341, four counts of Wire Fraud, in violation of 18 U.S.C. § 1343, and two counts of Money Laundering, in violation of 18 U.S.C. § 1957(a). ECF No. 1.

On June 4, 2019, Stewart-Cabrera pleaded guilty to a superseding information charging one count of Wire Fraud, in violation of 18 U.S.C. § 1343, and one count of Money Laundering, in violation of 18 U.S.C. § 1957(a). ECF Nos. 61–63. Stewart-Cabrera pleaded guilty pursuant to a written plea agreement. ECF No. 62.

The Court originally set a sentencing hearing to be held on September 9, 2019. ECF No. 63. At Stewart-Cabrera's request, and without objection by the government, sentencing has been continued several times. This case is now set for a sentencing hearing on September 28, 2020. ECF No. 99.

STIPULATION REGARDING HEARING

1

1    On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act

2  ("CARES Act").  The CARES Act empowered the Judicial Conference of the United States and Chief

3  District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1)

4  such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;"

5  and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that

6  case cannot be further delayed without serious harm to the interests of justice."  *Id.*, Pub. L. 116-23

7  § 15002(b)(2).

8    On March 29, 2020, the Judicial Conference of the United States made the findings required by

9  the CARES Act, concluding that "emergency conditions due to the national emergency declared by the

10  President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the

11  Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the

12  functioning of the federal courts generally."

13    On June 29, 2020, the Chief Judge of this District, per General Order 620, also made the findings

14  required by the CARES Act:  "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure

15  and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted

16  in person without seriously jeopardizing public health and safety."  Accordingly, the findings of the

17  Judicial Conference and General Order 620 establish that plea and sentencing hearings cannot take

18  safely take place in person.

19    In order to authorize sentencing hearings by remote means, however, the CARES Act—as

20  implemented by General Order 620—also requires district courts in individual cases to "find, for

21  specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without

22  serious harm to the interests of justice."  General Order 620 further requires that the defendant consent

23  to remote proceedings.  Finally, the remote proceeding must be conducted by videoconference unless

24  "videoconferencing is not reasonably available."  In such cases, district courts may conduct hearings by

25  teleconference.

26    The parties hereby stipulate and agree that each of the requirements of the CARES Act and

27  General Order 620 have been satisfied in this case.  They request that the Court enter an order making

28  the specific findings required by the CARES Act and General Order 620.  Specifically, for the reasons

STIPULATION REGARDING HEARING                    2

1  further set forth below, the parties agree that:

2       1)       The sentencing hearing in this case cannot be further delayed without serious harm to the

3  interest of justice, given the public health restrictions on physical contact and court closures existing in

4  the Eastern District of California and the need to resolve this case in a timely manner;

5       2)       The defendant waives her physical presence at the hearing and consents to remote

6  hearing by videoconference and counsel joins in that waiver.

7                                          **STIPULATION**

8       Plaintiff United States of America, by and through its counsel of record, and defendant, by and

9  through defendant's counsel of record, hereby stipulate as follows:

10      1.       The Governor of the State of California declared a Proclamation of a State of Emergency

11  to exist in California on March 4, 2020.

12      2.       On March 13, 2020, the President of the United States issued a proclamation declaring a

13  National Emergency in response to the COVID-19 pandemic.

14      3.       In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and

15  other public health authorities have suggested the public avoid social gatherings in groups of more than

16  10 people and practice physical distancing (within about six feet) between individuals to potentially

17  slow the spread of COVID-19.  The virus is thought to spread mainly from person-to-person contact,

18  and no vaccine currently exists.

19      4.       These social distancing guidelines – which are essential to combatting the virus – are

20  generally not compatible with holding in-person court hearings.

21      5.       On March 17, 2020, this Court issued General Order 611, noting the President and

22  Governor of California's emergency declarations and CDC guidance, and indicating that public health

23  authorities within the Eastern District had taken measures to limit the size of gatherings and practice

24  social distancing.  The Order suspended all jury trials in the Eastern District of California scheduled to

25  commence before May 1, 2020.

26      6.       On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses

27  in the Eastern District of California to the public.  It further authorized assigned district court judges to

28  continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act.  General

STIPULATION REGARDING HEARING                              3

1    Order 612 incorporated General Order 611's findings regarding the health dangers posed by the

2    pandemic.

3         7.      On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial

4    emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low

5    resources across its heavy caseload." The report accompanying the Judicial Council's declaration

6    analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the

7    District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in

8    weighted filings) and its shortage of judicial resources (the District is currently authorized only six

9    district judges; two of those positions are currently vacant). The report further explained that a backlog

10   of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings

11   of individuals.

12        8.      On April 17, 2020, General Order 617 issued, continuing court closures through June 1,

13   2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

14        9.      On May 13, 2020, General Order 618 issued, continuing court closures until further

15   notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

16        10.     Given these facts, it is essential that Judges in this District resolve as many matters as

17   possible via videoconference and teleconference during the COVID-19 pandemic. By holding these

18   hearings now, this District will be in a better position to work through the backlog of criminal and civil

19   matters once in-person hearings resume.

20        11.     The sentencing hearing in this case accordingly cannot be further delayed without serious

21   harm to the interests of justice. If the Court were to delay this hearing until it can be held in-person, it

22   would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge

23   in this District, when normal operations resume.

24   ///

25   ///

26   ///

27   ///

28   ///

STIPULATION REGARDING HEARING                          4

12.     Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-teleconference.  Counsel joins in this consent.

IT IS SO STIPULATED.


Dated:  September 23, 2020                                    McGREGOR W. SCOTT
                                                             United States Attorney


                                                             /s/ BRIAN A. FOGERTY
                                                             BRIAN A. FOGERTY
                                                             Assistant United States Attorney


Dated:  September 23, 2020                                    /s/ KELLY BABINEAU
                                                             KELLY BABINEAU
                                                             Counsel for Defendant
                                                             LORETTA STEWART-
                                                             CABRERA

---------------------------------------------------------------------------------------------------------------------------

## FINDINGS AND ORDER

1.     The Court adopts the findings above.

2.     Further, the Court specifically finds that:

a)     The sentencing hearing in this case cannot be further delayed without serious harm to the interest of justice;

b)     The defendant has waived her physical presence at the hearing and consents to remote hearing by videoconference; and

3.     Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 620, the sentencing hearing in this case will be conducted by videoconference.

IT IS SO FOUND AND ORDERED this 24th day September, 2020.


_____
CHIEF UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING HEARING                                    5